CENTURY FACTORS, INC., Respondent, v. NEW PLAN REALTY CORPORATION, Appellant.— Judgment, Supreme Court, New York County, entered February 15, 1973 in favor of plaintiff-respondent against defendant-appellant, and intermediate orders theretofore entered in this cause in New York County, specifically confirming the report of the Special Referee and directing entry of judgment thereon, entered February 13, 1973, and granting summary judgment to plaintiff-respondent against defendant-appellant, entered April 17, 1970, affirmed. Respondent shall recover of appellant one bill of $60 costs and disbursements of these appeals. Suit was upon two written guarantees, that of December 7, 1966, and that of June 30, 1967, both in respect of transactions between plaintiff and Gaye Fabrics Corporation, of which defendant-appellant was a stockholder. The complaint specifically pleaded both guarantees as to the basis for the suit, the earlier in the third paragraph and the other in the fourth; both were annexed to the complaint as exhibits; the answer joins issue in defenses addressed to both. The issues were fully tried,

pursuant to two stipulations, oral and written, which, while they reserved defendant's rights and contain many contentions by way of defense, do not contain a word to the effect that both guarantees were not in suit. This, although the issues were refined for the Referee in the stipulations. Thus there is no basis for assertion that all issues between the parties based on the guarantees have not been fully litigated nor for amendment of the complaint. The guarantees have been exhausted by the award of their topmost limits in dollars after a full trial, covered in an unexceptionable report. The underlying facts stand amply proven. Aside from untenable generalization founded upon an unsubstantiated claim that the issues decided were not the issues in the pleadings, there is no impediment to laying this case finally to rest. Concur — Markewich, Kupferman, Murphy and Steuer, JJ.; McGivern, J. P., dissents in the following memorandum: This submission represents such a tangled web of law, fact and accounting that it is singularly unsuited for summary judgment and such judgment should never have been granted. The affirmance of the majority herein must rest on the same misapprehension of Special Term — the misconception that Century was suing on two guarantees, when it is patent, from the complaint and the supporting affidavits, Century sued on only one guarantee — the one entered into on December 7, 1966, and which was terminated effective June 30, 1967. The only guarantee covering these transactions is the December 7, 1966 guarantee. And Century's president, Alfred Tananbaum, made this manifest when he said, in his supporting affidavit, he was only suing under the December guarantee. Said he: "On December 7, 1966 defendant executed a written guaranty for $200,000. in favor of plaintiff with respect to the account of its subsidiary, Gaye Fabrics Corp. (Gaye). As of April 1, 1969 'Gaye owed plaintiff $305,-062.59 at least $200,000. of which related to transactions encompassed by the December 7, 1966 guaranty; *plaintiff sues to recover under the guaranty.*" (Italics supplied.) And nowhere in the complaint or in the supporting papers is there any claim against New Plan based on the guarantee of June 30, 1967. Nevertheless, Special Term spaciously gave judgment on both guarantees, with double interest to boot. And the majority herein have embraced the same error. This basic error is the more aggravated by the denial to the defendant, before the completion of pretrial procedures, of a trial or hearing in respect of its affirmative defenses, all factual, and alleging fraud, duress, misrepresentation, and the ambiguity of the June 30, 1967 guarantee, which having been drafted by Century, the doubts therein must be resolved against it. And since these defenses related specifically to the guarantee of December 7, 1966, the only one in suit, the defendant has been peremptorily shorn of its right to challenge the guarantee of June 30, 1967, on which judgment was summarily granted. As for the conclusion of the majority that the Referee fully tried both guarantees, Century knew that New Plan never abandoned its contention that only one guarantee was at issue, never abandoned this ground for appeal, and persistently importuned both the Referee and Justice Amsterdam to this effect; and the Referee and Justice Amsterdam, regarding the order of Mr. Justice Culkin as the law of the case, found the issue beyond their ken and properly cognizable by this court alone. Thus, the judgment below should be reversed and the case remanded for trial on the merits with leave to plaintiff to serve an amended complaint, adding a claim under the June 30, 1967 guarantee. (*Lefft* v. *Canada Life Assur. Co.,* 40 A D 2d 641.)